UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MATTHEW WALTERS,

        Petitioner,

    vs.                          Case No. 1:13-cv-1829-WTL-MJD

ZATECKY,

        Respondent.

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Matthew Walters for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 13-07-0070. Mr. Walters' estimated projected release date is September 18, 2027. For the reasons explained in this Entry, Mr. Walters' habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

Internal Affairs Investigator Duncan wrote a conduct report that charged Mr. Walters with class A offense 113, engaging in trafficking with anyone who is not an offender. The conduct report stated:

> On June 24, 2013[,] I[,] Herbert Duncan IA03[,] was reviewing the audio recordings of the visit between offender Walters, Matthew #922451 and his visitor. During the recording the offender asked her if she had the item and then instructed her where to place the item and what story to give staff if asked why she was up in that area. See Confidential case file 13-ISR-0027 for more information and recording.

On July 16, 2013, Mr. Walters was notified of the charge when he was served with the conduct report and the screening report. Mr. Walters was notified of his rights. He pled not guilty and he requested the appointment of a lay advocate. Mr. Walters did not request any witnesses, but did request the "[h]earing officer to review case file 13-ISR-0027 and to listen to the recording." On July 16, 2013, the hearing officer documented that she had reviewed the confidential case file and the audio recording, "but since it is in the confidential case file, Ofd. is not allowed to listen to it."

On July 22, 2013, the hearing officer conducted the prison disciplinary hearing and found Mr. Walters guilty of Class A offense 113, engaging in trafficking. The sanctions recommended and approved were an earned credit time loss of 180 days, a suspended sanction of 6 months in disciplinary segregation, and a written reprimand. The hearing officer imposed the sanctions because of the serious nature of the offense and the degree to which the violation disrupted and endangered the security of the facility. In making this determination, the hearing officer relied on staff reports, the confidential case file 13-ISR-0027, an audio recording, report of investigation,

and Mr. Walters' statement at the hearing, "'Where is the item,' 'He is just talking,' 'She was putting up a book, that's all,' and 'The detail was the one talking.'"

Mr. Walters' appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### III. Analysis

Mr. Walters asserts the following claims: 1) the conduct report should be dismissed because it had the wrong dates on it; 2) there was insufficient evidence to find him guilty; and 3) the hearing officer was not impartial because she failed to provide Mr. Walters evidence that he requested.

Mr. Walters' first two claims challenge the sufficiency of the evidence. He asserts that there was not enough evidence to find him guilty because he contends that the date and time of incident listed on the conduct report was July 24, 2013, but the visitation incident allegedly occurred on June 21, 2013. The date of incident listed on the conduct report is actually June 24, 2013, not July 24, 2013. That is the date, however, that the Internal Affairs officer listened to the audio recording of the visit between Mr. Walters and his visitor. The visit at issue occurred on June 21, 2013. There was no error with respect to dates on the conduct report.

Mr. Walters next argues that he could not have engaged in trafficking with his visitor, Tonya Gordon, because he was restricted to non-contact visits and Tonya Gordon could not have handed him anything. He contends that he did not have any agreement with Ms. Gordon and therefore he could not have engaged in trafficking with her. This argument is frivolous. The conduct report states that during his visitation conversation with Ms. Gordon on June 21, 2013, Mr. Walters asked her if she had the item and then he told her where to place the item. Items of contraband were discovered after Ms. Gordon left the visiting room.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted). The confidential reports and conduct report constituted sufficient evidence to support the charge of "engaging in trafficking with anyone who is not an offender."

Mr. Walters next argues that he was denied his right to have an impartial decision-maker because the hearing officer failed to give him a copy of the transcript of the audio recording. It is true that a prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d at 660, 667 (7th Cir. 2003). Mr. Walters does not assert that the hearing officer had any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report. Therefore, Mr. Walters has shown no impartiality on the part of the hearing officer.

With respect to Mr. Walters' claim that he was denied evidence at the hearing, he was not allowed to read a transcript of the audio recording because it was confidential. *Pannell v.*

*McBride,* 306 F.3d 499, 503 (7th Cir. 2002) (prisoners' right to present evidence is qualified…they "do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary."). A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The record shows that nothing on the recording was exculpatory. The respondent also accurately points out that allowing Mr. Walters to listen to the recording or read a transcript could allow him to gain insight into the recording capabilities of the facility. The decision to not disclose the confidential recording to Mr. Walters based on security and safety concerns did not violate his due process rights.

As noted above, the conduct report and confidential file relied on by the hearing officer constituted sufficient evidence to find Mr. Walters guilty of the charge. The lenient standard of "some" evidence was satisfied in this case.

Mr. Walters was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for her finding and described the evidence that she considered. As noted above, there was sufficient evidence in the record to support the finding of guilt. There were no violations of Mr. Walters' due process rights.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Walter's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/24/14

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MATTHEW WALTERS
DOC # 922451
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically registered counsel